WOLLMAN, Circuit Judge.
Solomon L. Coffey appeals from the sentence imposed on him following his conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846. We affirm.
I.
The district court[1] found by a preponderance of the evidence that Coffey was responsible for 2.7 kilograms of crack cocaine. This finding increased Coffey’s offense level from 32 (with a sentencing range of 168-210 months) to 38 (with a sentencing range of 324^105 months). The district court sentenced him to 324 months’ imprisonment, a five-year term of supervised release, and a $100 special assessment.[2]
*884 We affirmed Coffey’s conviction but remanded for resentencing after concluding that his objection at sentencing to the sufficiency of the government’s evidence of drug quantity was sufficient to preserve a constitutional claim that his sentence violated United States v. Booker, — U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Coffey, 395 F.3d 856 (8th Cir.2005). Thereafter, our court granted the government’s petition for rehearing en banc and vacated the opinion and judgment. The en banc court has now remanded Coffey’s appeal to this panel for plain error review of his sentencing challenge in the light of United States v. Pirani, 406 F.3d 543 (8th Cir.2005) (en banc).[3]
II.
We conduct plain error review under the four-part test of United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Pursuant to that test, before we can correct an error not raised at trial, “there must be (1) error, (2) that is plain, and (3) that affects substantial rights.” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). If all three conditions are met, we may remedy the error only if it “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id.
The district court’s enhancement based on drug quantity was erroneous in light of Booker because it was imposed on the basis of judge-found facts in a mandatory guidelines regime. In these circumstances, the first two Olano factors are satisfied. See Pirani, 406 F.3d at 550. Whether the error affected Coffey’s substantial rights is another matter. To satisfy this factor, “the defendant must show a ‘reasonable probability,’ based on the appellate record as a whole, that but for the error he would have received a more favorable sentence.” Id. at 552. Although the district court sentenced Coffey at the low end of the sentencing range, that is “the norm for many judges” and “is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error.” Id. at 553. Coffey argues in his supplemental brief that his personal circumstances (which he contends -include parenthood, engagement, and efforts toward rehabilitation) suggest that the district court would have imposed a lesser sentence. This argument is unavailing, particularly given the absence of any discussion of Coffey’s personal circumstances by the district court. Accordingly, we conclude that Coffey has not demonstrated prejudicial plain error.
The judgment of conviction is reinstated and the sentence is affirmed.

. The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

. The district court also sentenced Coffey to 30 months’ imprisonment for violating the conditions of supervised release following the completion of his sentence for an earlier con *884 viction. We need not consider the thirty-month sentence in our analysis because it runs concurrently with the longer sentence for the conspiracy conviction.

. Pirani makes clear that Coffey's objection to the sufficiency of the evidence was insufficient to preserve a Booker claim. See Pirani, 406 F.3d at 550.